UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SIGNATURE AUTO GROUP, INC., | Case No. 2:21-CV-1996 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| REV RECREATION GROUP, INC., | |
| Defendant(s). | |

Presently before the court is REV Recreation Group, Inc., d/b/a Midwest Automotive Designs's ("defendant") motion to dismiss. (ECF No. 22). Signature Auto Group, Inc. ("plaintiff"), filed a response. (ECF No. 25). Defendant replied. (ECF No. 26).

**I.   BACKGROUND**

Defendant is incorporated in Delaware and has its principal place of business in Elkhart, Indiana. (ECF No. 22-1 at 2). It makes and sells various luxury sprinter van models, including the "Signature Sprinter" van model at issue in this case. (ECF No. 1). Plaintiff brought this suit alleging defendant's use of the word "Signature" to promote its own vehicle customization services violated plaintiff's trademark rights in the word Signature. (*Id.*).

Defendant owns and operates a website that promotes and advertises defendant's sprinter vans to a nationwide audience. (*Id.*). The website features a link to the website of Van City RV, a third party that sells and advertises defendant's products in Las Vegas, Nevada, and other cities across the country. (*Id.*). Though Van City RV of Las Vegas is an authorized dealer of

**James C. Mahan**
**U.S. District Judge**

defendant's products and sells some of defendant's vans in Nevada, there is no evidence that Van City has any Signature Sprinter model vans in its Nevada inventory. (*See* ECF Nos. 1; 22-4).

Plaintiff holds a registered trademark for the word "Signature" in connection with aftermarket customization of vehicles. (ECF No. 1). In June 2021, after becoming aware of defendant's use of "Signature" in connection with its vans, plaintiff sent a cease-and-desist letter to defendant regarding its use of "Signature." (*Id.*). Plaintiff then filed the instant suit. (*Id.*). Defendant now moves to dismiss the complaint for lack of personal jurisdiction. (ECF No. 22).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the complaint must be taken as true, and factual disputes should be construed in the plaintiff's favor. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Personal jurisdiction is a two-prong analysis. First, an assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). "When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). However, Nevada's "long-arm" statute applies to the full extent permitted by the due process clause, so the inquiry is the same, and the court need only address federal due process standards. *See Arbella Mut. Ins. Co. v. Eighth Jud. Dist.*

**James C. Mahan**
**U.S. District Judge**

- 2 -

*Ct.*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539 F.3d at 1015.

Two categories of personal jurisdiction exist: (1) general jurisdiction and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

### A. General Jurisdiction

"[T]he place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (quotation marks and citation omitted). A court may also assert general jurisdiction over a defendant when the plaintiff shows that "the defendant has sufficient contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, the defendant's affiliations with the forum state must be so "continuous and systematic" as to render the defendant essentially "at home" in that forum. *See Daimler AG*, 571 U.S. at 137. General jurisdiction is appropriate even if the defendant's continuous and systematic ties to the forum state are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414–16).

### B. Specific Jurisdiction

The Ninth Circuit has established a three-prong test for analyzing specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

**James C. Mahan**
**U.S. District Judge**

- 3 -

>(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
>(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Under the first prong, the Ninth Circuit treats purposeful availment and purposeful direction as separate methods of analysis. *Wash. Shoe Co.*, 704 F.3d at 672. Purposeful availment is for suits sounding in contract, whereas purposeful direction is for suits sounding in tort. *Schwarzenegger*, 374 F.3d at 802 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). Because plaintiff has alleged trademark infringement, a tort-like cause of action, purposeful direction is the proper analytical framework. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020).

Purposeful direction is evaluated under the three-part "effects" test. *See Calder v. Jones*, 465 U.S. 783, 104 (1984). "Under *Calder*, the 'effects' test requires that the defendant allegedly has (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 802 (citations omitted). For this court to exercise personal jurisdiction over the Delaware defendant-corporation, all three parts must be satisfied. *Id.* at 803.

### III. DISCUSSION

#### A. General Jurisdiction

Defendant avers that it is not subject to this court's general jurisdiction because it is not incorporated in and does not have a principal place of business in Nevada. (ECF No. 22 at 5). Plaintiff does not oppose. Thus, the court finds it does not have general jurisdiction over

**James C. Mahan**
**U.S. District Judge**

defendant.  *See* LR 7-2 ("The failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion.").

### B. Specific Jurisdiction

Plaintiff mistakenly uses the purposeful availment standard and asserts that defendant is subject to specific jurisdiction in Nevada because defendant: (1) promotes and advertises its Signature Sprinter vans via its website; (2) provides a link to the website of Van City RV of Las Vegas on its website; and (3) authorizes the sale and advertisement of its products in Nevada through Van City RV of Las Vegas.  However, this suit sounds in tort.  *See AMA Multimedia*, 970 F.3d at 1208.  Thus, purposeful direction is the correct specific jurisdiction analysis.  *Id.*

Applying the *Calder* "effects" test, the court finds that defendant did not purposefully direct its activities at Nevada.  Without more, operating a passive,[1] universally accessible website does not constitute conduct "expressly aimed" at the forum state.  *Spy Optic, Inc. v. AreaTrend, LLC*, 843 F. App'x 66, 68 (9th Cir. 2021); *see Calder*, 465 U.S. 783 at 104.  Defendant's website is passive and appeals to national viewership.  (ECF No. 22 at 7–8; ECF No. 26-6).  The website's only "express aim" to Nevada customers is the link to the webpage of Van City RV of Las Vegas.  (ECF No. 25-5).

Nor can Van City RV's "advertis[ing] behavior…be attributed to the defendant as a contact" for purposes of satisfying the second prong of the *Calder* test.  *AMA Multimedia*, 970 F.3d at 1211 n.6 (9th Cir. 2020) (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("*Walden* made clear that the third-party advertiser's behavior cannot be attributed to defendant as a contact."); *see Calder*, 465 U.S. 783 at 104.  Van City RV is not the defendant in this lawsuit;

---

[1] A passive website is one where information is simply made available to those interested in accessing it.  *Medinah Mining, Inc. v. Amunategui*, 237 F. Supp. 2d 1132, 1135 (D. Nev. 2002) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997)).

**James C. Mahan**
**U.S. District Judge**

- 5 -

therefore, its advertisements are irrelevant to whether this court has jurisdiction over the defendant.

Thus, the court finds it cannot exercise personal jurisdiction over defendant.

## IV.     CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss for lack of personal jurisdiction (ECF No. 22) be, and the same hereby is, GRANTED.

The clerk of the court is hereby instructed to close this case.

DATED September 29, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**